# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| TAMMY L. ALBERTSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action |
| ) | No. 11-4031-CV-C-JCE-SSA |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| Defendant. ) | |

## ORDER

This case involves the appeal of a final decision of the Secretary denying plaintiff's application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 et seq., and her application for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1383(c)(3) et seq. Pursuant to 42 U.S.C. § 405(g) and §1383(c)(3), this Court may review the final decisions of the Secretary. Pending before the Court at this time are plaintiff's brief, and defendant's reply brief in support of the administrative decision. For the reasons stated herein, the Secretary's decision will be affirmed.

### Standard of Review

Judicial review of disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one

position represents the Agency's findings, the Court must affirm the decision. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. A disabling impairment is one which precludes engaging "in any substantial gainful activity [for at least twelve months] by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A finding of "not disabled" will be made if a claimant does not "have any impairment or combination of impairments which significantly limit [the claimant's] physical or mental ability to do basic work activities. . . ." 20 C.F.R. § 404.1520.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well-settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

## Discussion

Plaintiff was 42 years old on the alleged onset date. She has a tenth grade education and has not been able to acquire her GED. She alleges disability due to back pain, bronchitis, diabetes, and depression.

The ALJ found that plaintiff had not engaged in substantial gainful activity since November 14, 2008, the alleged onset date. It was his finding that plaintiff had the severe impairments of obesity and diabetes. The ALJ concluded that she did not have an impairment or combination of impairments that met or equaled a listed impairment. Based on the severe impairments of obesity and diabetes, the ALJ found that plaintiff could perform a range of light work. He found that she could lift 20 pounds occasionally and 10 pounds frequently; stand/walk for six hours in an eight-hour day; and sit for six hours in an eight-hour day. He also found her restricted to occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs, and no climbing of ladders, ropes or scaffolds. The ALJ also found that plaintiff should avoid concentrated exposure to heights and machinery. He found that she able to perform her past relevant work as a telemarketer/telephone solicitor, which is sedentary, semi-skilled work; as a small products assembler, which is light, unskilled work; and as a cleaner/housekeeper, which is light work, but performed as medium, unskilled work. Therefore, the ALJ found that plaintiff was not under a disability as defined by the Act.

The ALJ relied on the opinion of a vocational expert, who reviewed plaintiff's work history and the limitations the ALJ found credible. Based on the opinion of the expert, the ALJ concluded that plaintiff had the Residual Functional Capacity ["RFC"] to perform her past relevant work as it is generally performed.

Plaintiff contends that the ALJ erred in not finding that her depression and anxiety were severe impairments, and erred in not fulling considering the effect of her obesity on her ability to perform past relevant work; that he improperly gave great weight to the state agency non-examining decision maker while affording little weight to the treating physician; and that he formulated a conclusory RFC and improperly determined that she could perform her past relevant

work.

In terms of plaintiff's allegations that she had severe impairments of depression and anxiety, the ALJ found that her mental impairments were not severe because they resulted in no more than a minimal limitation on her ability to perform basic work activities. While plaintiff argues that these were severe impairments, she has the burden to establish that they are severe. After careful review, the Court finds that plaintiff has failed to meet that burden, and that the ALJ did not err in finding that her alleged mental impairments were not severe. In this case, the ALJ determined that she had only mild limitations in activities of daily living, social functioning, concentration, persistence and pace, and no episodes of decompensation. In making this determination, he relied on the fact that plaintiff had only minimal medical treatment for these alleged impairments. She did not seek any mental health treatment until almost a year after her alleged onset date; she missed several appointments with Dr. Parsells, the treating physician; and she discontinued treatment in 2010, stating that she did not want to take any medication and wanted to handle the situation on her own.

A careful review of the record indicates that plaintiff has failed to demonstrate that the ALJ excluded consideration of any of her complaints. At the hearing, plaintiff testified that her depression made her tired. She acknowledged that she did not receive any mental health treatment, nor did she take any medication. Upon additional questioning by her attorney, she said that she was nervous around people. She also stated that she had crying spells. She testified, however, that although she was diagnosed with bipolar disorder or depression when she first saw a psychiatrist in 2008, she was not working with a mental health counselor. She stated that it was because he put her on Seroquel, which made her very sleepy. Therefore, she did not continue with any treatment or medication. According to his medical records, Dr. Parsells noted that he saw

plaintiff for two appointments, and then she missed four other appointments. He reported that he prescribed a different medication for her, and she discontinued it because she wanted to see if she could feel better on her own. He found her to be uninterested in psychological treatment. While the ALJ noted that Dr. Parsells evaluated her with a GAF of 49 at the time of evaluation, he concluded that this was not a longitudinal assessment of her overall level of functioning. After careful review, the Court finds that plaintiff has failed to identify any complaint or symptom that could have or should have been considered as being indicative of disabling anxiety or depression. Accordingly, it is the finding of the Court that there was substantial evidence in the record as a whole to support the ALJ's decision at step two that plaintiff does not have "serious limitations due to psychological disorder." [Tr. 20].

Turning to the weight given to the opinion of the treating physician, while a treating physician's opinions are ordinarily to be given substantial weight, they must be supported by medically acceptable clinical or diagnostic data, and must be consistent with substantial evidence in the record. Haggard v. Apfel, 175 F.3d 591, 595 (8th Cir. 1999); Strongson v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004). The ALJ may reject the opinion of any medical expert if it is inconsistent with the medical record as a whole. See Bentley v. Shalala, 52 F.3d 784, 787 (8th Cir. 1995). In Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000), the Eighth Circuit Court of Appeals discussed the weight to be given to the opinions of treating physicians, holding that the opinion of a treating physician is accorded special deference under the Social Security regulations. The Court has, however, upheld an ALJ's decision to discount or even disregard the opinion of a treating physician where other medical assessments "are supported by better or more thorough medical evidence,"Rogers v. Chater, 118 F.3d 600, 602 (8th Cir. 1997), or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.

Cruze v. Chater, 85 F.3d 1320, 1324-25 (8th Cir. 1996).

In terms of the weight given to the opinion of the treating physician, plaintiff asserts that the ALJ improperly relied on the opinion of a non-examining state agency decision maker, Myra Belshe, because the RFC she assessed on January 22, 2009, was almost identical to the RFC given by the ALJ. She also argues that no other medical opinion was given any weight, which was error.

In this case, the ALJ afforded no special weight to the opinion of Dr. Parsells in terms of plaintiff's GAF score because he found it did not adequately assess her mental problems on a longitudinal basis. In terms of the opinion of the state agency medical consultant, the ALJ observed that the RFC by the consultant was "not accorded any evidentiary weight pursuant to Social Security Administration Policy." [Tr. 20]. The ALJ noted the observations of the consultant, however, that plaintiff had a normal x-ray in 2008 at the emergency room for her lumbar spine after riding a moped, even though she complained of a disabling back problem. He also observed that she did not have a surgical back problem. He noted that she had recurrent bronchitis, but continued to smoke; and that her diabetes was only mildly out of range in 2008. Further, despite plaintiff's allegations that the ALJ failed to consider her obesity when evaluating her impairments, it is clear that he found that obesity was a severe impairment. He specifically found that she "has significantly restricted abilities to perform work related activities, due to weight. . . ." [Tr. 17]. After careful review of the entire record, the Court finds that there is substantial evidence in the record as a whole to support the ALJ's decision regarding the weight afforded to the non-examining consultant and to the weight afforded to the GAF score assessed by Dr. Parsells. It is clear that the ALJ independently evaluated the evidence of record in evaluating plaintiff's impairments. There is no evidence that the ALJ improperly considered the

opinion of the state agency decision maker.

Plaintiff also contends that the ALJ erred in his RFC finding by not considering all of her impairments and not providing accurate limitations in the RFC.

The Eighth Circuit has recognized that the RFC finding is a determination based upon all the record evidence, not just "medical" evidence. See Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001); Dykes v. Apfel, 223 F.3d 865, 866-67 (8th Cir.2000) (citing 20 C.F.R. § 404.1545; SSR 96-8p at pp. 8-9). Although it is a medical question, the RFC findings are not based only on "medical" evidence, i.e., evidence from medical reports or sources. Rather, an ALJ has the duty, at step four, to formulate the RFC based on all the relevant, credible evidence of record. See McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (the Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations).

A review of the record indicates that the ALJ relied on the record as a whole in rendering his RFC decision, including medical evidence from various sources, and plaintiff's testimony. The ALJ also called relied on the testimony of a vocational expert, with whom he discussed plaintiff's past relevant work. He found, in reliance on that testimony, that plaintiff could perform light work with the limitations set forth in his RFC finding. While plaintiff contends that the RFC finding was conclusory, it is apparent that the ALJ thoroughly reviewed the record, and took into account plaintiff's credible impairments in restricting the RFC. The Commission's regulations state that it is the claimant's responsibility to provide medical evidence to show that he or she is disabled. See 20 C.F.R. §§ 404.1512, 416.912 (2008); Roth v. Shalala, 45 F.3d 279, 282 (8th Cir.1995). Plaintiff had the burden to come forward with relevant evidence of her

restrictions. In this case, the Court finds that there is substantial evidence to support the ALJ's decision regarding plaintiff's RFC. The ALJ properly considered all the evidence of record in analyzing plaintiff's credibility. He then properly considered all of the evidence of plaintiff's restrictions found to be credible in determining her RFC. The Court has carefully reviewed the record, and finds that there is substantial evidence in the record as a whole to support the ALJ's RFC finding.

Based on the foregoing, the Court finds that there is substantial evidence in the record to support the ALJ's decision that plaintiff did not suffer from a disabling impairment, and that she could perform her past relevant work. Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006). Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary should be, and it is hereby, affirmed.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: 8/13/12